**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY D. JONES, | No. 11-16966 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-02063-GBC |
| v. | |
| JAYANTA CHOUDHURY, M.D.; et. al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gerald B. Cohn, Magistrate Judge, Presiding[**]

Submitted July 17, 2012[***]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

California state prisoner Larry D. Jones appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Jones consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violations in connection with injuries he sustained during stomach surgery.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed Jones's claim of deliberate indifference to his serious medical needs because the complaint failed to allege facts suggesting that the defendants acted with deliberate indifference.  *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to a prisoner's health); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Jones's motion for default judgment is denied.

Jones's remaining contentions are unavailing.

**AFFIRMED.**